UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
MT. HAWLEY INSURANCE COMPANY,

                Plaintiff,

v.

EMBATTLE PROTECTIVE SERVICES, INC.

                Defendant.
------------------------------------------------------X

Case No. 1:25-cv-5614

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley"), by and through its attorneys, Ford Marrin Esposito Witmeyer & Gleser, LLP, for its complaint against defendant Embattle Protective Services, Inc. ("Embattle"), alleges as follows:

## INTRODUCTION

1. This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. section 2201. Mt. Hawley seeks a judgment declaring that it has no duty to defend or indemnify Embattle for an underlying personal injury action involving an incident occurring at Halcyon SF (the "Club"), located at 314 11th Street, San Francisco, CA, 94103. The underlying personal injury action involves an assault and shooting at or near the Club on or about June 25, 2022 (the "Incident").

## THE PARTIES

2. Mt. Hawley is an insurance company domiciled in the State of Illinois that transacts certain insurance business in New York State and maintains an office in this state at 620 8th Ave, New York, New York 10018.

3. At all times herein mentioned, Embattle was and is a corporation formed under the laws of the State of California and with a principal place of business in California. Therefore,

1

Embattle is a citizen of the State of California.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction over the present action under 28 U.S.C. § 1332, because there exists complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. The insurance policy at issue provides a $1 million per occurrence limit and, upon information and belief, the claimants in the underlying action seek in excess of $1 million from Embattle.

5. Embattle is subject to personal jurisdiction pursuant to New York General Obligations Law sections 5-1401 and 5-1402.

6. Venue is proper within this District pursuant to 28 U.S.C. §1391(b)(3).

## THE MT. HAWLEY POLICY

7. At issue in this action is a Commercial General Liability Policy issued by Mt. Hawley to Embattle bearing policy number PGA0005114, which was in effect for the initial period from December 3, 2021 to December 3, 2022 (the "Policy"). A certified copy of the Policy is attached hereto as **Exhibit 1**.

8. The Policy has a policy limit of $1,000,000 per occurrence.

9. The Policy was cancelled effective July 23, 2022 for failure to pay premium. (Ex. 1, Change Endorsement, RIL 2100 [04/98].)

10. Subject to all of its terms, exclusions, limitations and conditions, the insuring agreement for the Policy provides in part as follows:

### SECTION I – COVERAGES

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    INSURING AGREEMENT**

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking "bodily injury" or "property damage" to which this insurance does not apply. . . .
>
> \* \* \*

(Ex. 1, Cov. A, §1 - Insuring Agreement.)

11. The Policy contains certain conditions requiring the insured to provide timely notice of "occurrence, offense, claim or suit." Specifically, the Policy provides as follows:

> **2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
>
> **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
> **(1)** How, when and where the "occurrence" or offense took place;
> **(2)** The names and addresses of any injured persons and witnesses; and
> **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.
>
> **b.** If a claim is made or "suit" is brought against any insured, you must:
> **(1)** Immediately record the specifics of the claim or "suit" and the date received; and
> **(2)** Notify us as soon as practicable.
>
> You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
>
> \* \* \*

(Ex. 1, Section IV – CGL Conditions, 2, emph. in original.)

12. The Policy is subject to the "Service of Suit and Conditions Endorsement," which states, in part:

> **SERVICE OF SUIT AND CONDITIONS ENDORSEMENT**
>
> **Conditions**

3

This Policy is amended to add the following Conditions:

**AA.** **Jurisdiction and Venue.** In the event of any litigation involving any matter arising out of or related to this Policy, it is agreed that the "Insured" shall submit to the jurisdiction of New York state and New York federal courts, and shall comply with all the requirements necessary to give such courts jurisdiction. Any litigation initiated by any "Insured" against the Company shall be brought only in the state or federal courts of New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court in that state.

**BB.** **Choice of Law.** All matters arising from or relating to this Policy, including, without limitation, its procurement, formation and issuance and all matters related to the validity, interpretation, performance and enforcement of this Policy or any part of it shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).

(Ex. 1, RIL 099 [06/21], Service of Suit and Conditions Endorsement, Conditions, ¶1.) (emph. in original.)

13. By endorsement, the Policy contains the following exclusion for "Specific Work":

**EXCLUSION -  SPECIFIC WORK**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added top Paragraph **2. Exclusions of COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and Paragraph 2. **Exclusions of COVERAGE B PERSONAL AND ADVERTISING INJURY** (Section I - Coverages):

**Specific Work**

This insurance does not apply to "bodily injury" or "personal and advertising injury" arising out of the specific work listed in the **Schedule** below, regardless of whether such specific work is conducted by you or on your behalf or whether the specific work is conducted for yourself or others.

This exclusion also applies if other causes contribute to or aggravate the "bodily injury," "property damage," or "personal and advertising injury."

**SCHEDULE**

> **Description of Specific Work:**
> Any and all operations involving bars, taverns, lounges, gentlemen's clubs and nightclubs.
> Any and all operations involving work for high profile clients, celebrities, athletes & entertainers.
> Any and all operations involving low income housing, government owned housing, HUD housing and Section 8 housing.
> Any and all baggage screening, cargo screening and/or passenger/individual/student screening.
> Any and all operations involving dispensaries, pharmacies, growing facilities, farms, stash houses or bakeries involved with the sale, manufacture, or distribution of marijuana or other drugs, whether legalized, medicinal or otherwise.
> Any and all operations involving training of any type to the outside public.
> Any and all operations at, around, on behalf of, or arising from any concert, festival, sporting event, large special event open to the public, flea market, amusement park, state fair, county fair or municipal fair.
> Any and all operations involving vehicle/pedestrian traffic control.

(Ex. 1, SGL 312 [10/12] [emphasis in original], hereinafter referred to as the "Specific Work Exclusion.")

14. The Policy contains an endorsement titled "Security Related Activities – Conditions of Coverage," which states as follows:

**SECURITY RELATED ACTIVITIES – CONDITIONS OF COVERAGE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is hereby understood and agreed that a condition of coverage under this policy for "security related activities" is that the Insured will obtain certification that any its employees which provide "security related activities" possess and maintain current and valid licenses to perform such functions in any state which requires licensing of security related personnel.

In the event that the Insured fails to comply with this condition or in the event that it is otherwise determined that its employee, whose activities directly or indirectly

5

give rise to a claim, failed to maintain the requisite license, coverage for such claim shall be voided under this policy.

For the purpose of this endorsement, "security related activities" shall include those activities performed by your employees whose principle role is to serve in a security capacity to protect persons or property from injury or damage

(Ex. 1, end't SGL 317 [03/13], hereinafter referred to as the "Security Related Activities - Conditions of Coverage Endorsement.")

    15.    The Policy also contains the following exclusion for abuse or molestation:

### ABUSE OR MOLESTATION EXCLUSION

The following exclusion is added to Paragraph 2. Exclusions of SECTION I, COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE, and Paragraph 2. Exclusions of SECTION I, COVERAGE B- PERSONAL AND ADVERTISING INJURY LIABILITY:

**Abuse and Molestation**

    A.  This insurance does not apply to, nor is there a duty to defend, any claim or "suit" seeking damages or injunctive relief because of "bodily injury", "property damage" or "personal and advertising injury", directly or indirectly, in any way, (i) arising out of, (ii) involving; (iii) relating to; or (iv) in connection with, any of the following:

        (1) "Abuse or Molestation"; or

        (2) Any allegation of negligent or intentional:

            (a) Hiring
            (b) Employment
            (c) Investigation
            (d) Supervision
            (e) Reporting to the proper authorities; or failure to so report; or
            (f) Retention

        of a person who is alleged to have committed "abuse or molestation" or of any entity that is alleged to be responsible for "abuse or molestation," and for which any insured is alleged to be legally responsible . . .

    B.  For purposes of this endorsement, the following definition applies:

6

> "Abuse or molestation" means:
> (1) Any actual, alleged, threatened, negligent, or intentional:
>
> (a) Physical abuse, attack, or molestation; . . .

(Ex. 1, CGL 485 [11/19].)

## THE EVENTS GIVING RISE TO THE UNDERLYING CLAIM

### The Incident

16. Upon information and belief, the Incident involved a shooting on or around the commercial premises of the Club between 3:30 AM and 4:00 AM on June 25, 2022 in which claimants Kassandra Gomez ("Gomez") and Erica Contreras ("Contreras", and collectively "Claimants") allege that they were accosted by an unknown patron of the Club who thereafter shot Contreras multiple times at or near the Club premises.

17. The Club is owned by a California limited liability company called 314 11th STREET, LLC.

18. According to the Club's press release issued upon its opening, the Club is a "multipurpose space and club."[1] A true and correct copy of the press release is attached hereto as **Exhibit 2**. The press release notes as follows:

> The entertainment venue, owned by SF impresaria Gina Milano, will host top DJ talent from around the world, and will also be available for private and artistic events. The space – with a capacity for 400 — has been customized to morph into whatever shape and ambiance the production demands. Weekend nights will feature DJs and semi-live performances by both local and world famous techno and electronic artists, while Wednesdays are for cabaret nights, including varied performances and bottle service at the booths. . . . When the opportunity came to take over the former BeatBox space ***and launch her own world-class nightclub***, Milano jumped at the chance, and was determined to launch a venue that would attract performers, artists and entertainers from all over the globe.

(Ex. 2, emph. added.)

---

[1] Available at: https://halcyon-sf.com/main/doyenne-of-the-beat-launches-new-entertainment-venue-in-san-francisco/

19. The Club's website states that "[a]ll shows at Halcyon are 21+."[2]

20. On or about August 2, 2023, Claimants filed a complaint in an underlying personal injury action captioned *Gomez and Contreras v. Gary F. Grossman, et al.*, Case No.: CGC-23-608087 (Calif. Super. Ct. San Francisco Cnty.) (the "Underlying Action"). A true and correct copy of the Complaint in the Underlying Action (the "Underlying Complaint") is attached hereto as **Exhibit 3**.

21. The Underlying Complaint alleges that 314 11th Street, LLC operated a dance club and live music venue under the fictitious business name Halcyon SF. (Ex. 3, ¶9.)

22. The Underlying Complaint alleges that Embattle was providing security and services at the Club on the night of June 24, 2022 and into the early morning of June 25, 2022. (Ex. 3, ¶¶16-18.)

23. The claims against Embattle in the Underlying Complaint allege, *inter alia*, negligent security, negligent supervision, and negligent training. (Ex. 3, ¶¶14, 35, 38, 40, 41.)

24. Embattle initially retained counsel to defend itself in the Underlying Action, without any notice of the Incident or that action to Mt. Hawley, though Embattle's initial defense counsel in the Underlying Action withdrew from its representation effective May 7, 2025.

25. Embattle was served with the Underlying Complaint on or about November 17, 2023. A true and correct copy of the Affidavit of Service in the Underlying Action is attached hereto as **Exhibit 4**.

26. The first notice that Mt. Hawley received regarding the Incident or the Underlying Action was received from counsel for Claimants by email dated April 16, 2025. A true and correct

---

[2] Available at: https://halcyon-sf.com/club-policy/

copy of such notice is attached hereto as **Exhibit 5**.

27. After being notified of the Underlying Action, by letter dated April 28, 2025, Mt. Hawley requested information from Embattle regarding the claim, while reserving all rights with respect to coverage.

28. Mt. Hawley then issued a coverage position letter to Embattle, dated May 23, 2025, in which Mt. Hawley agreed to defend Embattle in the Underlying Action pursuant to a complete reservation of rights until such time that Mt. Hawley obtains a judicial declaration regarding coverage.

29. Pursuant to the Service of Suit and Conditions Endorsement of the Policy, Mt. Hawley has filed this action in this Court in order to obtain a judgment declaring that Mt. Hawley has no duty to defend or indemnify Embattle in the Underlying Action.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaration of No Coverage – Specific Work Exclusion)

30. Mt. Hawley repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

31. Under the plain terms of the Specific Work Exclusion of the Policy, claims for "bodily injury" arising out of "[a]ny and all operations involving bars, taverns, lounges, gentlemen's clubs and nightclubs" are excluded from coverage. (Ex. 1, SGL 312 [10/12].)

32. Embattle submitted an application for insurance on November 30, 2021. The application requires the applicant to allocate a percentage of its operations to one or more of several dozen security guard operations. Embattle did not indicate any operations to be performed at "Bars/Nightclubs/Taverns".

33. The Underlying Action alleges "bodily injury" arising out of Embattle's operations involving a night club, to wit Halcyon SF, which is even referred to in the Underlying Complaint

9

as "the Club."

34. The "Incident Report" prepared by the San Francisco Police Department referred to the incident as occurring "in front of Halcyon Nightclub." A true and correct copy of the "Incident Report" is attached hereto as **Exhibit 6**.

35. As a result, Mt. Hawley does not owe coverage to Embattle with respect to any claims in connection with the Incident or Underlying Action.

36. Upon information and belief, Embattle disagrees with Mt. Hawley's position regarding the Specific Work Exclusion.

37. Accordingly, there is a present justiciable controversy regarding the insurance coverage available to Embattle for any liability arising out of the Incident or the Underlying Action.

38. Mt. Hawley is entitled to and demands judgment declaring that it has no obligation to defend or indemnify Embattle in connection with the Incident or Underlying Action under the Policy.

## AS AND FOR A SECOND CAUSE OF ACTION
(Declaration of No Coverage - Abuse or Molestation Exclusion)

39. Mt. Hawley repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

40. As set forth above, the Policy excludes coverage for "bodily injury" for any claims "directly or indirectly, in any way, (i) arising out of; (ii) involving; (iii) relating to; or (iv) in connection with . . . 'abuse or molestation' . . . or "[a]ny allegation of negligent" . . . "hiring," "employment," "investigation," "supervision," "reporting to the proper authorities, or failure to so report," or "retention."  (Ex. 1, CGL 485 [11/19].)

41. "Abuse or molestation" is defined as any actual, alleged, threatened, negligent, or

10

intentional physical abuse, attack, or molestation. (Ex. 1, CGL 485 [11/19].)

42. The claims against Embattle in the Underlying Action "directly or indirectly, in any way," arise out of, involve, relate to, and are connected to "abuse and molestation".

43. As a result, Mt. Hawley does not owe coverage to Embattle with respect to any of the claims arising out of the Incident or the Underlying Action based on the Abuse and Molestation Exclusion.

44. Upon information and belief, Embattle disagrees with Mt. Hawley's position regarding the Abuse and Molestation Exclusion.

45. Accordingly, there is a present justiciable controversy regarding the insurance coverage available to Embattle for any liability arising out of the Incident or Underlying Action.

46. Mt. Hawley is entitled to and demands judgment declaring that it has no obligation to defend or indemnify Embattle in connection with the Incident or Underlying Action under the Policy.

## AS AND FOR A THIRD CAUSE OF ACTION
**(Declaration of No Coverage – Late Notice)**

47. Mt. Hawley repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

48. Although the Incident occurred on June 25, 2022, and although the Underlying Action was filed on or about August 2, 2023, Mt. Hawley did not receive notice of the Incident or the Underlying Action until April 16, 2025.

49. This untimely notice constitutes a breach of an express condition of the Policy requiring timely notice of an "'occurrence' or an offense which may result in a claim." (Ex. 1, Section IV – CGL Conditions, 2.)

50. Mt. Hawley is entitled to and demands judgment declaring that it has no obligation

11

to defend or indemnify Embattle in connection with the Incident or Underlying Action under the Policy.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Declaration of No Coverage – Security Related Activities – Conditions of Coverage)**

51. Mt. Hawley repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

52. Under the plain terms of the Security Related Activities - Conditions of Coverage Endorsement, it is a condition of coverage "for 'security related activities' is that the Insured will obtain certification that any its employees which provide 'security related activities' possess and maintain current and valid licenses to perform such functions in any state which requires licensing of security related personnel." (Ex. 1, end't SGL 317 [03/13].)

53. The Policy defines "security related activities" to "include those activities performed by your employees whose principle role is to serve in a security capacity to protect persons or property from injury or damage." (Ex. 1, end't SGL 317 [03/13].)

54. The Underlying Complaint alleges that Embattle was providing "security services" at the Club on June 25, 2022 (Ex. 3, ¶38) and further seeks to recover against Embattle for the alleged performance of negligent security by Embattle and its employees, alleging that Embattle's security guards were "inadequately trained." (*Id.*, ¶38.)

55. As a result, the Underlying Action arises out of the performance of "security related activities," that term is defined in the Policy.

56. At the time of the Incident, California's Business and Professions Code ("BPC") required that Embattle and its employees be licensed with respect to the security related activities performed by Embattle at the Club.

57. Upon information and belief, at the time of the Incident, one or more of the security

12

guards employed by the Embattle did not possess and maintain a current and valid license and/or was not otherwise authorized to perform security functions in the State of California, including pursuant to BPC Section 7583.2(d).

58. Upon information and belief, Embattle breached the Security Related Activities - Conditions of Coverage Endorsement because one or more of the employees employed by Embattle on the date and location of the Incident did not possess and maintain the required licenses to perform security services in the State of California, where the Incident occurred.

59. As a result, Mt. Hawley does not owe coverage to Embattle with respect to any claims in connection with the Incident or the Underlying Action pursuant to the Security Related Activities – Conditions of Coverage Endorsement.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Mt. Hawley respectfully requests judgment declaring that:

(a) Mt. Hawley has no obligation to defend or indemnify Embattle in connection with any claims arising out of the Incident, including but not limited to the Underlying Action;

(b) Mt. Hawley has no obligation to pay any sums to or on behalf of any person or entity in connection with any claims arising out of the Incident, including but not limited to the Underlying Action; and

(c) Granting such other and further relief as the Court finds just and appropriate, including attorneys' fees, costs and expenses incurred in this action.

Dated: July 8, 2025
      New York, New York

                            **FORD MARRIN ESPOSITO WITMEYER & GLESER, LLP**

                            By: /s/ John A. Mattoon
                            Joseph D'Ambrosio
                            John A. Mattoon
                            Wall Street Plaza
                            New York, NY 10005-1875
                            Telephone: (212) 269-4900
                            *Attorneys for Plaintiff Mt. Hawley Ins. Co.*