

Ford Marrin Esposito
Witmeyer & Gleser, LLP

Wall Street Plaza, 16th Floor
New York, NY 10005
Tel +1 212 269 4900
Fax +1 212 344 4294

JOHN A. MATTOON
jmattoon@fordmarrin.com

www.fordmarrin.com

July 25, 2025

**VIA ECF**
Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    ***Mt. Hawley Insurance Company v. Embattle Protective Services, Inc.*
<u>1:25-cv-5614-JMF – Supplemental Letter on Motion to Seal</u>**

Dear Judge Furman:

      We are counsel for Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley") in the above matter in which Mt. Hawley seeks a declaration as to its rights and obligations under an insurance policy issued to defendant Embattle Protective Services, Inc.

      As requested by the Court in its July 24, 2025 Order [ECF dkt. 7], we file this supplemental letter regarding the redaction of Document No. 1-6, which is a criminal "Incident Report" filed as an exhibit to the complaint in this matter.

      As an initial matter, Mt. Hawley would respectfully propose filing an amended complaint in which this exhibit were removed. The original complaint has not yet been served, and no responsive pleading has been filed. We believe the filing of an amended complaint would obviate the need for Your Honor to weigh the public access considerations required under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

      The Second Circuit has held that the presumption of public access applies to "judicial documents" while noting that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document." *Lugosch*, 435 F.3d at 115 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 [2d Cir. 1995]). Instead, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document,…" *Id. See also Alix v. McKinsey & Co.*, 739 F. Supp. 3d 172 (S.D.N.Y. 2024) (recognizing that "judicial documents" are those filings "relevant to the performance of the judicial function…" and that documents that are not relied upon by the Court "do not qualify as 'judicial documents' in the first instance") (Furman, J.); *In re IBM Arbitrage Agreement Litig.*, 2022 U.S. Dist. LEXIS 137427 (S.D.N.Y. Aug. 2, 2022) (concluding that "the summary judgment materials filed in this case, but never considered by the Court, are not judicial documents subject to a presumption of public access") (Furman, J.).

      Upon amendment, the Incident Report would no longer be an exhibit to the operative pleading, and will not become the subject of any responsive pleading. In truth, the reference to the Incident Report in Mt. Hawley's original complaint is somewhat cumulative in furtherance of

developing what we expect will be undisputed aspect of the factual background for this matter. In no way is the document material to Mt. Hawley's claims or legal arguments.

Though the version of the Incident Report that we originally filed included redactions for personal phone numbers of witnesses and their dates of birth, we have been advised by counsel for the claimant in the underlying personal injury action that the San Francisco Police Department has requested that the entire report "not be a part of the public record since the assailant has not been apprehended and there is an ongoing investigation."

Because the Incident Report is not material to Mt. Hawley's claims in this action, we have endeavored to comply with this request for confidential treatment, which appears to be consistent with the law in this state shielding documents from disclosure to the extent that disclosure would "interfere with an ongoing investigation." NY CLS Pub. Officers Law § 87(2)(e)(i).

Please do not hesitate to contact me with any questions.

Respectfully submitted,

/s/ John A. Mattoon

The Court grants Plaintiff leave to amend to remove the exhibit in question and, accordingly, GRANTS Plaintiff's letter motion to seal the exhibit. Plaintiff shall file any amended complaint no later than **August 7, 2025**.

The Clerk of Court is directed to terminate ECF No. 5.

SO ORDERED.

August 4, 2025